UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MICHELLE ANDERSON,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
--------------------------------------------------------X

For Online Publication Only

**ORDER**
19-cv-1820-JMA

FILED
CLERK

5/18/2020 12:20 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On March 29, 2019, pro se plaintiff Michelle Anderson ("Plaintiff") filed a complaint (the "Complaint") seeking review of the January 25, 2019 final administrative decision by the Commissioner of Social Security (the "Commissioner"), reached after an Administrative Law Judge (an "ALJ") denied her application for disability insurance benefits on May 10, 2018. (ECF No. 1.) Plaintiff also moved to proceed in forma pauperis and the Court granted her application on April 16, 2019, issuing a scheduling order. (ECF No. 2; Electronic Order, Apr. 16, 2019.) The Commissioner served the administrative transcript on Plaintiff in accordance with this scheduling order, but then moved to extend the briefing schedule, a request which the Court granted. (ECF Nos. 10, 11; Electronic Order, Sept. 12, 2019.) Pursuant to the amended scheduling order, the Commissioner's motion was to be served on or before October 16, 2019; Plaintiff's opposition papers were to be served on or before December 16, 2019; and Defendant's reply was to be served, and the fully briefed motions together with the administrative transcript were to be filed, on or before January 15, 2020. (Electronic Order, Sept. 12, 2019.)

The Commissioner properly served Plaintiff with his motion to dismiss on October 15, 2019. (ECF No. 15.) On January 15, 2020, the Commissioner submitted a letter indicating that

1

he had not received Plaintiff's opposition papers, and that Plaintiff had not otherwise filed any opposition with the Court. (ECF No. 14.) Plaintiff did not respond to the Commissioner's letter or otherwise communicate with the Court. Out of an abundance of caution, the Court issued an Order providing Plaintiff additional time to file any opposition to the Commissioner's motion, directing her to respond by February 28, 2020. (Electronic Order, Jan. 22, 20 (the "January Order").) Plaintiff was warned that "failure to comply with this Order may result in dismissal of this action for failure to prosecute." (Id.) A copy of the January Order was mailed to Plaintiff at the address listed on the docket sheet.[1] To date, Plaintiff has not responded to the January Order, served or filed opposition papers, or otherwise communicated with the Court.[2]

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. See Merker v. Rice, 649 F.2d 171, 173–74 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

---

[1] The Court has consistently mailed orders to Plaintiff at the address listed on the docket sheet. None of these mailings have been returned as undeliverable.

[2] According to the January Order, if Plaintiff filed any opposition papers, the Commissioner was directed to serve his reply, and file it on the docket, together with the administrative transcript, by March 27, 2020. Although Plaintiff did not file any opposition papers, the Commissioner filed the administrative transcript on ECF and asked the Court to waive the courtesy copy requirement considering the current public health emergency. (ECF Nos. 17, 18.) As the Court is dismissing this case for failure to prosecute, the Commissioner need not provide any courtesy copies to the Court.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).  Generally, no single factor is dispositive.  Id. at 194.  These factors also apply in actions brought for judicial review of the final decision of the Commissioner of Social Security.  See, e.g., Bonnette v. Comm'r of Soc. Sec., No. 16-CV-6398, 2018 WL 6173434 (E.D.N.Y. Nov. 26, 2018).

Here, Plaintiff has failed to file an opposition to the Commissioner's motion, respond to the Court's January Order, or otherwise communicate with the Court since commencing this action in March 2019.  Plaintiff has received ample warning that failure to comply with the January Order and actively prosecute her case could lead to dismissal for failure to prosecute.  Plaintiff's failure to comply constitutes grounds for dismissal.  Accordingly, this case is dismissed for failure to prosecute and noncompliance.  The Clerk of Court is respectfully directed to close this case and mail a copy of this Order to the pro se plaintiff at her last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that in forma pauperis status for the purpose of an appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: May 18, 2020
      Central Islip, New York

                                          /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE